**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 16-6187**

_____

UNITED STATES OF AMERICA,

                Plaintiff – Appellee,

      v.

BOBBY RAY HUNT,

                Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington. Louise W. Flanagan, District Judge. (7:09-cr-00034-FL-1; 7:12-cv-00230-FL)

_____

Submitted:  June 16, 2016          Decided:  June 29, 2016

_____

Before SHEDD and AGEE, Circuit Judges, and DAVIS, Senior Circuit Judge.

_____

Dismissed by unpublished per curiam opinion.

_____

Bobby Ray Hunt, Appellant Pro Se.  Rudy E. Renfer, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Bobby Ray Hunt seeks to appeal the district court's order denying relief on his 28 U.S.C. § 2255 (2012) motion. The order is not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B) (2012). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2012). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of the constitutional claims is debatable or wrong. Slack v. McDaniel, 529 U.S. 473, 484 (2000); see Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable, and that the motion states a debatable claim of the denial of a constitutional right. Slack, 529 U.S. at 484-85.

We have independently reviewed the record and conclude that Hunt has not made the requisite showing. Accordingly, we deny a certificate of appealability and dismiss the appeal. We also deny Hunt's motion for a limited remand based on the district court's indication that it is likely to grant Hunt's Fed. R. Civ. P. 60(b) motion challenging the order denying relief on his

2

§ 2255 motion. As that motion seeks to raise a new habeas claim, it is an unauthorized successive § 2255 motion and the district court is without jurisdiction to consider it. See Gonzalez v. Crosby, 545 U.S. 524, 530-32 (2005). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

DISMISSED

3